UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE HENRY, JR.,

                    Petitioner,                  Case No. 2:08-cv-11381
                                                        Honorable Arthur J. Tarnow

v.


ROBERT NAPEL,

                    Respondent.
_____/


**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his April 18, 2005, Lenawee Circuit Court conviction for third-degree Criminal Sexual Conduct (MICH. COMP. LAWS § 750.520d(1)(a)) and assaulting, resisting, and obstructing a police officer (MICH. COMP. LAWS § 750.81d(1)). On May 19, 2005, Petitioner was sentenced to 95-to-180 months' imprisonment. Petitioner was released from prison on September 11, 2012, and is serving a two-year term of parole. The petition raises three claims:(1) Petitioner's counsel was ineffective for coercing him to accept a plea bargain; (2) the trial court incorrectly scored the sentencing guidelines; and (3) Petitioner's plea was involuntary due to medications administered to him by the jail. The petition will be denied because Petitioner's claims are without merit. The Court also denies Petitioner a certificate of appealability.

*Henry v Napel*, No. 08-11381

## I. Background

Petitioner was originally charged with two counts of first-degree criminal sexual conduct, one count of fourth-degree fleeing and eluding, and one count of assaulting, resisting, and obstructing a police officer. The charges related to allegations that Petitioner had engaged in sexual intercourse with his thirteen-year-old daughter and then fled from police when they attempted to arrest him.

On June 2, 2003, Petitioner was found incompetent to stand trial, and the trial court ordered him to be admitted for treatment. Petitioner fled to Ohio, but was later arrested and returned to Michigan. On May 17, 2004, Petitioner was again ordered to be admitted for treatment after a second competency hearing. About two months later, the court found Petitioner competent to stand trial.

On September 14, 2004, Petitioner's trial counsel filed a motion for an independent forensic examination, and the court granted the motion. The independent examination found Petitioner to be competent to stand trial.

On April 18, 2005, the day before trial was scheduled to begin, Petitioner's counsel moved to adjourn the trial date. Counsel argued that he had not yet received the complainant's school records or medical records. The trial court found that counsel was not diligent in his request and denied the motion.

Later that same day, another hearing was held in which Petitioner pled guilty to the reduced charges outlined above. At the plea hearing, the trial court recited the

*Henry v Napel*, No. 08-11381

terms of the agreement, including the fact that Petitioner faced a maximum sentence of fifteen years in prison for the reduced charge. Petitioner indicated that he thought the sentence would be ten years, and the court again stated that it was fifteen years. The court informed Petitioner that it had not spoken to anyone about what Petitioner's sentence might be, and Petitioner indicated his understanding. Petitioner denied that anyone had made any promises to him or coerced him in any way to enter his plea. The trial court also informed Petitioner of the trial rights he would be waiving by entering his plea. Petitioner questioned the court about his right to call witnesses, and whether he would be allowed time to do so. The court informed Petitioner that if he pled guilty there would be no witnesses, but that if Petitioner wished to call witnesses he could proceed to trial as scheduled instead of entering the plea. Petitioner indicated his understanding and stated that he was satisfied with the plea bargain.

When the Court asked Petitioner for a factual basis, Petitioner requested to plead no contest, but the court would not allow him to do so. When Petitioner subsequently refused to state a factual basis for the criminal sexual conduct charge, the Court indicated that it would not accept the plea, and the matter would proceed to trial the next day.

Proceedings resumed about forty minutes later. The court indicted that it had met with the attorneys in chambers and that they wished to continue with the plea

proceeding. The court again explained the terms of the plea bargain along with the fact that he faced a fifteen-year maximum sentence. Returning to the factual basis, Petitioner admitted that he had put his penis in his daughter's vagina when she was under the age of thirteen.  The court then accepted the plea, and Petitioner was subsequently sentenced as indicated above.

A year following his conviction, through counsel, Petitioner filed a motion to withdraw his plea. On June 19, 2006, the trial court held a non-evidentiary hearing and denied the motion, finding that Petitioner's plea was voluntarily entered and that his counsel was not ineffective.

On July 5, 2006, acting through counsel, Petitioner filed with the Michigan Court of Appeals a motion to remand for an evidentiary hearing and a delayed application for leave to appeal. The Michigan Court of Appeals denied Petitioner's motion to remand on the grounds that Petitioner had "developed a testimonial record in the trial court on his claims of ineffective assistance of counsel which is adequate for purposes of this Court's review of his claim," and denied Petitioner's motion for leave to appeal "for lack of merit in the grounds presented." *People v. Henry*, No. 271384 (Mich. Ct. App. September 11, 2006).

Petitioner then filed a pro se application for leave to appeal in the Michigan Supreme Court. The application added three additional claims to the two claims Petitioner has pursued in the Michigan Court of Appeals. The Michigan Supreme

4

*Henry v Napel*, No. 08-11381

Court denied Petitioner's application for leave to appeal on April 24, 2007 on the

grounds that the Court was not persuaded that the questions presented should be

reviewed. *People v. Henry*, 477 Mich. 1113 (2007).

Petitioner then filed the present Petition for habeas corpus relief on March

28, 2008. The Petition raises the following five claims for relief:

I. The trial court abused its discretion when it denied Petitioner's motion to withdraw his guilty plea after his sentencing, where he made a claim of innocence and argued that he had been pressured by unprepared counsel to plead and there was no evidence that the prosecution would have been prejudiced by permitting plea withdrawal.

II. Petitioner is entitled to re-sentencing because the statutory sentencing guidelines were misscored as to Offense Variables 4, 7, 10, and 13, and the sentence is a departure from the statutory sentencing guidelines imposed without compliance with departure requirements standard.

III. Was Petitioner deprived of his constitutional right to due process of law and fair trial where the district and trial court lacked subject and personal matter jurisdiction to impose a sanction, or to try the case on all counts of CSC's and fleeting and eluging where 2-A District Court arraigned Petitioner on 2/25/2004 when the record clearly shows that Petitioner was found incompetent to stand trial June 2, 2003?

IV. Whether forcible administration and court order of psychotropic medication to Petitioner held at Lenawee County Jail as a result of court order to stand trial deprived Petitioner of right to substantive due process; "involuntary medication" made Petitioner incoherent; his guilty plea was not intelligently, freely, knowingly, etc.

V. Was Petitioner denied due process of law/or effective assistance of both his trial counsels under the Sixth and Fourteenth Amendments of the United States Constitution, Michigan State Constitution of 1963 Article 1, Section 17, where both his counsels:

5

*Henry v Napel*, No. 08-11381

1) Failed to object to the subject and personal jurisdiction of both 2-A District and 39th Circuit Court, when mentally incompetent Petitioner was arraigned improperly in 2-A District Court on February 25, 2004.

2) Allow the court to force administrative psychotic drugs which made [Petitioner] incoherent with severe side effects.

3) Failed to provide a proper defense at a preliminary exam.

4) Failed to investigate and raise all claims of arguable merits.

5) Failed to acquire the necessary transcript before proceeding with trial?

Upon a review of the record, the Court determined that Petitioner's habeas Claims III and V were unexhausted in state court. The Court issued an order to show cause on October 12, 2010, requiring Petitioner to choose between the Court's staying the Petition and hold it in abeyance while the Petitioner returns to state court to raise his unexhausted claims or dismissing the unexhausted claims and proceeding with the exhausted claims alone. (See Docket no. 17). In response, Petitioner filed a motion to stay the proceedings and hold the Petition in abeyance (docket no. 18), which the Court granted in an order dated November 16, 2010 (docket no. 20). In its November 16, 2010, Order, the Court placed certain time limits on Petitioner, requiring Petitioner to present his claims to the state court within sixty days of the date of the Court's order granting the stay and to return to federal court to request that the Court to lift the stay within sixty days of Petitioner's exhausting state remedies.

6

*Henry v Napel*, No. 08-11381

On December 27, 2010, Petitioner filed a motion to withdraw his earlier motion to stay the proceedings and hold the petition in abeyance. Petitioner asserted that he was unable to comply with the Court's requirement that he seek post-conviction relief within sixty days of the Court's November 16, 2010, order due to what he asserts are inadequate prison library facilities. The Court granted Petitioner's motion on March 11, 2011, and, pursuant to Petitioner's request, his third and fifth claims have been deleted from the petition. The case is now ready for decision on Petitioner's remaining claims.

## II. Standard of Review

When a habeas claim has been adjudicated on the merits in state court, the AEDPA prohibits federal reviewing courts from granting the habeas petition unless the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law when a state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law or on  indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362,

412-13 (2000). Unreasonable application of clearly established federal law occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In terms of application, the Supreme Court has stated that, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). In this way, the writ of habeas corpus operates as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)).

### III. Discussion

#### A. Voluntariness of Plea

Petitioner's first and fourth claims challenge the validity of his guilty plea. He asserts that he was ordered to take pschotropic medications while he was in jail that rendered his plea involuntary. Petitioner also contends that he was coerced by his counsel to accept a plea bargain because his counsel told him he would get a life sentence if convicted after trial, and because his counsel was not prepared to try the case.

When a defendant is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. See *United*

*Henry v Napel*, No. 08-11381

*States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. See *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

Petitioner claims that his guilty plea was involuntary because he was under the influence of various psychotropic medications at the time of his plea which impacted his ability to make a rational decision. Petitioner essentially argues that he was not mentally competent to enter a guilty plea.

A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). The competency standard for pleading guilty is the same as the competency for standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

9

*Henry v Napel*, No. 08-11381

Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney. Not every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence. *Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F. 3d 1459, 1474 (10th Cir. 1995); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 671-672 (E.D. Mich. 2002). Major depression, generalized anxiety, or even borderline personality disorders do not necessarily show that a defendant is unable to consult with his or her lawyer or is incapable of understanding the proceedings against him or her, to establish that the defendant is incompetent to stand trial, *United States v. Teague*, 956 F. 2d 1427, 1432 (7th Cir. 1992).

In the present case, a review of petitioner's plea transcript shows that he was lucid and articulate at the time that he entered his plea of no contest and was responsive to the trial court's questions. Petitioner has presented no evidence that he was not in possession of his mental facilities at the time that he entered his plea of no contest, therefore, any after-the-fact incompetency claim would be without merit. See *United States v. Calvin*, 20 Fed. Appx. 452, 453 (6th Cir. 2001); *Hastings v. Yukins*, 194 F. Supp. 2d at 672.

10

*Henry v Napel*, No. 08-11381

The record further shows that Petitioner was previously diagnosed with schizo-affective disorder. He was prescribed Zyprexa, Ativan, and Lexapro and was ordered to take them by the trial court while he was incarcerated in jail awaiting trial. Zyprexa is apparently an anti-psychotic medication, Ativan is an anti-anxiety medication, and Lexapro is an antidepressant. Prior to taking these medications, he was found to be incompetent to stand trial, and after they were administered, he was found to be competent. There is nothing in the record to suggest that the medications impaired–rather than assisted–his ability to understand and voluntarily participate in the plea proceedings.

Furthermore, the Court notes that the plea transcript reveals that Petitioner was sufficiently aware and engaged in the proceedings to voice his reluctance and grudging acceptance of the plea bargain. He responded appropriately to the questions put to him. While the record shows that Petitioner certainly was not eager to plead guilty, it shows that his ultimate decision to accept the plea bargain rather than face trial was a voluntary one. Petitioner is not entitled to habeas relief on this claim because there was nothing in the guilty plea transcript to indicate that the prescriptions being taken by Petitioner reduced his understanding of the proceedings. See e.g. *Williams v. Hargett*, 9 Fed. Appx. 958, 962 (10th Cir. 2001). Petitioner is not entitled to habeas relief on this claim.

11

*Henry v Napel*, No. 08-11381

Petitioner is also not entitled to relief on any claim that his plea was involuntary due to the ineffective assistance of counsel. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must also demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

12

*Henry v Napel*, No. 08-11381

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. at 788. The Supreme Court has also emphasized the extraordinary deference to be afforded trial counsel in plea bargaining. See *Premo v. Moore*, 562 U.S.    , 131 S. Ct. 733, 741, 178 L. Ed. 2d 649 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); see also *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

The record does not support Petitioner's claim that his guilty plea was unknowing or involuntary because defense counsel coerced him to accept a plea. At the plea hearing, Petitioner denied that he was coerced or threatened by anyone to enter his plea.  Any claim that counsel pressured him into pleading guilty by threatening him with a life sentence conflicts with his sworn testimony at the plea hearing that he was doing so of his own free will. As aptly stated by the Sixth Circuit

13

*Henry v Napel*, No. 08-11381

when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has failed to show that counsel misadvised him or was otherwise ineffective.

Furthermore, there is no evidence that counsel's recommendation that Petitioner plead guilty was the result of a lack of preparedness. Again, any claim that counsel pressured Petitioner into pleading guilty conflicts with his sworn testimony at the plea hearing that he was doing so of his own free will. Petitioner testified at the plea hearing that he was satisfied with counsel's representation and denied that any threats or promises had been made or that he had been coerced into pleading guilty. Petitioner has not demonstrated entitlement to habeas relief with respect to this claim.

14

*Henry v Napel*, No. 08-11381

**B. Sentencing Guidelines**

Petitioner's second claim challenges the scoring of the sentencing guidelines. A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. See *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. See *Estelle v. McGuire*, 502 U.S. 62, 67-68,(1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the sentencing guidelines raises issues of state law that are not cognizable on habeas review. See *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (same); see also, *Branan*, 861 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). The claim is therefore without merit.

15

*Henry v Napel*, No. 08-11381

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner demonstrates a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists would not debate the Court's resolution of Petitioner's claims. Therefore, the Court denies Petitioner a certificate of appealability.

## V. Conclusion

The Court **DENIES** the petition for a writ of habeas corpus **WITH PREJUDICE**.   The Court **DENIES** a certificate of appealability but **GRANTS** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel/parties of record on January 17, 2014, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant

16